**Ayon SIMPSON, Plaintiff,**

v.

**CITY OF HARTFORD, Defendant.**

Civil No. 3:06 CV 458(RNC).

United States District Court,
D. Connecticut.

Sept. 24, 2007.

Edward McKeller, New Britain, CT, pro se.

### *MAGISTRATE JUDGE'S RULING ON MOTION TO VACATE JUDGMENT OF DISMISSAL*

THOMAS P. SMITH, United States Magistrate Judge.

The plaintiff, Ayon Simpson, seeks to vacate District Judge Robert Chatigny's judgment of dismissal in this case. (Dkt. 31). Plaintiff has accordingly filed a Motion to Vacate Judgment of Dismissal under Federal Rules of Civil Procedure 60(b)(1). (Dkt. 32.) The defendant, City of Hartford, has filed a memorandum in opposition to this motion. (Dkt. 39.) For the reasons set forth more fully herein, the plaintiff's motion should be **DENIED** without prejudice.

### I. *BACKGROUND*

On May 7, 2007, after a lengthy settlement conference before U.S. Magistrate Judge Thomas P. Smith, both parties explicitly agreed to terms that effectively settled this case. The parties were ordered to submit closing papers within 30 days. The parties had not submitted closing papers by June 27, 2007, on which date Judge Chatigny ordered that the case was dismissed. (Dkt. 31.) Plaintiff subsequently refused to sign a release in this matter, and seeks to vacate Judge Chatigny's judgment and proceed to trial.

### II. *DISCUSSION*

Plaintiff relies on Federal Rule of Civil Procedure 60(b)(1), which authorizes a court to relieve a party from a final judgment, on motion, for "mistake, inadvertence, surprise, or excusable neglect." Plaintiff argues that "he inadvertently consented to settlement while he was operating under a mistaken understanding of the full and complete nature of the settlement." (Dkt. 32.) Plaintiff provides no further explanation for this contention in his motion. On July 18, 2007, plaintiff's attorney, Ronald S. Johnson, submitted a brief letter to the court (Dkt. 34) explaining his client's refusal to accept the offered settlement. In that letter, Johnson stated that "my client misunderstood the nature of the settlement" and "through inadvertence, the plaintiff failed to take into account certain aspects of the case that would bear upon the settlement amount he would be finally entitled to."

These filings fail to provide a sufficient basis for this court to grant plaintiff's Motion to Vacate Judgment of Dismissal. Plaintiff's statements—that he inadvertently entered

into the agreement and operated under a mistaken understanding of the nature of the settlement—do fit within the language of Rule 60(b)(1). However, without further explanation and/or argument, this court is unable to determine either the nature or the legitimacy of the "inadvertence" and "mistake" complained of here. The statement that "he failed to take into account certain aspects of the case" is simply too vague to serve as a basis for granting this motion.

### III. CONCLUSION

Plaintiff's Motion to Vacate Judgment of Dismissal (Dkt. 32) is therefore **DENIED**, without prejudice. Plaintiff may re-file this motion, with more complete discussion of pertinent facts and legal arguments, at his discretion.

**IT IS SO ORDERED.**